IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>vs.<br><br>Paul Anthony Yellow Hammer<br><br>                              Defendant. | Case No. 1:22-cr-00225 |

### ORDER DENYING MOTIONS TO REDUCE SENTENCE

[¶1]  THIS MATTER comes before the Court on two Motions to Reduce Sentence filed by the Defendant on November 12, 2024, and February 7, 2025. Doc. Nos. 52, 55. The United States filed Responses on November 19, 2024, and February 7, 2025. Doc. Nos. 53, 56. For the reasons set forth below, the Motions are **DENIED**.

### BACKGROUND

[¶2]  On August 28, 2023, the Defendant was sentenced to a 120-month term of imprisonment after he pled guilty to Count One of an Indictment charging him with Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 113(a)(6) and 1153. In his motions, the Defendant essentially asks the Court to reconsider its judgment and entered a sentence in the range of 51–63 months, consistent with the Plea Agreement. Doc. Nos. 52, p. 1; 55, p. 5.

### DISCUSSION

[¶3]  Under 18 U.S.C. § 3582(c)(1)(A), district courts can modify a term of imprisonment upon either a motion by the Director of the Bureau of Prisons or the Defendant. Certain conditions must be met, however, for a defendant to have the right to bring such a request. A defendant must first

have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days form the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c).

[¶4]    Once a defendant has exhausted his administrative remedies, courts can reduce sentence upon a showing of "extraordinary and compelling reasons warrant such a reduction" to the extent "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," but only after consideration of the factors set forth at 18 U.S.C. Section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). Defendants bear the burden of proving a sentencing reduction is warranted. United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022).

[¶5]    The First Step Act does not define "extraordinary and compelling reasons." The relevant policy statement provides a sentencing reduction can occur upon meeting three conditions: (1) "extraordinary and compelling circumstances" warrant the reduction; (2) the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a)(1)–(3). Relevant here, this policy statement defines "extraordinary and compelling reasons" as:

> (b)    Extraordinary and Compelling Reasons.—Extraordinary and compelling reasons exist under any of the following circumstances or combination thereof:
>
> \*   \*   \*
>
> (3)    Family Circumstances of the Defendant.—
>
> (A)    The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3). This policy statement is advisory in nature. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021). There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009).

[¶6] Defendant's Motions fail both because the record does not establish the Defendant has exhausted his administrative remedies and he has not articulated extraordinary and compelling circumstances. As to the exhaustion of administrative remedies, the record shows the Defendant has not made any requests from the Bureau of Prisons to make a compassionate release motion. Doc. No. 53-1 (email from the Bureau of Prisons stating the Defendant has not made any compassionate release requests with his Warden). Absent such a request, he is barred from bringing the motion now. 18 U.S.C. § 3582(c).

[¶7] As for the circumstances articulated by the Defendant, he is essentially argues the Court should reduce his sentence because it was beyond the high end of the guidelines contemplated by the Plea Agreement. The Court concluded at sentencing a 120-month term of imprisonment reflected the seriousness of the offense, promoted respect for the law, and provided just

punishment for his actions. Nothing in the record changes the Court's conclusion as to the Defendant's sentence. Accordingly, the Defendant has failed to prove extraordinary and compelling circumstances that justify a sentencing reduction.

## **CONCLUSION**

[¶8]    For the reasons set forth above, the Defendant's Motion to Reduce Sentence and Motion to Appoint Counsel are **DENIED**.

[¶9]    **IT IS SO ORDERED.**

DATED March 4, 2025.

Daniel M. Traynor, District Judge
United States District Court