IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>                                   Plaintiff,<br><br>vs.<br><br>Paul Anthony Yellow Hammer,<br><br>                                   Defendant. | Case No. 1:22-cr-00225 |

### ORDER DENYING MOTION TO REDUCE SENTENCE

[¶1]     THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant on February 11, 2025. Doc. No. 57. The Federal Public Defender's Office was appointed to represent the Defendant. Defense Counsel filed a Notice of Intent Not to Supplement the Defendant's Motion on February 14, 2025. Doc. No. 58. The United States filed a Response on February 21, 2025. Doc. No. 59.

[¶2]     The Defendant seeks a reduction of his sentence based upon Amendment 821 to the United States Sentencing Guidelines which took effect on November 1, 2023. Pursuant to 18 U.S.C. Section 3582(c)(2), a defendant may seek a sentence reduction if he has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" In Part A to Amendment 821, the United States Sentencing Commission made changes to the "status points" provision which are criminal history points added when a defendant committed the instant offense while under another criminal justice sentence. In Part B, Subpart 1 to Amendment 821, the Sentencing Commission created a two-level reduction in the total offense level for defendants receiving zero criminal history points and whose offense did not involve certain criteria.

[¶3] In Part A to Amendment 821, the United States Sentencing Commission made changes to the "status points" provision which are criminal history points added when the defendant committed the instant offense while under another criminal justice sentence. However, the Defendant had seven (7) criminal history points before the two (2) status points were added under USSG § 4A1.1(d). See Doc. No. 25, ¶¶ 35–37. With a total of nine (9) criminal history points, the Defendant fell into criminal history category IV. Id. The Defendant would now receive one (1) status point, for a total of eight (8) criminal history points, which is still category IV. Therefore, Part A to Amendment 821 would not affect the Defendant's criminal history category and his guideline range remains the same.

[¶4] In Part B, Subpart 1 to Amendment 821, the Sentencing Commission created a two-level reduction in the total offense level for defendants receiving zero criminal history points and whose offense did not involve certain criteria. Likewise, this change would not affect the Defendant's guideline range because he received 7 scoreable criminal history points and would not be considered a "zero-point" offender under USSG § 4C1.1(a)(1). See Doc. No. 25, ¶ 35.

[¶5] The record demonstrates that Amendment 821 does not apply to the Defendant. Therefore, the Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Accordingly, the Defendant's Motion to Reduce Sentence is **DENIED**.

[¶6] **IT IS SO ORDERED.**

DATED March 4, 2025.

Daniel M. Traynor, District Judge
United States District Court