**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| United States of America, | |
| Plaintiff/Respondent, | |
| vs. | Criminal No.: 1:22-cr-00225 |
| | Civil No.: 1:25-cv-00248 |
| Paul Anthony Yellow Hammer, | |
| Defendant/Movant. | |

---

**ORDER GRANTING MOTION TO DISMISS AND**
**DISMISSING MOTION TO VACATE UNDER 28 U.S.C. SECTION 2255**

---

[¶ 1]    THIS MATTER comes before the Court on a Motion to Vacate under 28 U.S.C. § 2255 asserting ineffective assistance of counsel against the Defendant's public defender. Doc. No. 67. In response, the United States filed a Motion to Dismiss arguing the Motion to Vacate is time-barred. Doc. No. 69. The Defendant has not responded to the Motion to Dismiss.

[¶ 2]    Section 2255 provides for a one-year statute of limitations that begins running "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When, as here, a defendant files a notice of appeal, the judgment becomes final after the time for filing a petition for a Writ of Certiorari runs, which is ninety (90) days. Camacho v. Hobbs, 774 F.3d 931, 933 (8th Cir. 2015) (quoting Clay v. United States, 537 U.S. 522, 527, 532 (2003)). This one-year statute of limitations can be tolled "under limited conditions, for example, where 'extraordinary circumstances' beyond a prisoner's control prevent the timely filing." Grassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (quoting Paige v. United States, 171 F.3d 559, 561 (8th Cir 1999)).

[¶ 3]    Here, the Judgment of this Court was filed on August 28, 2023. Doc. No. 33. The Defendant appealed. Doc. No. 35. On February 26, 2024, the Eighth Circuit filed its Judgment. Doc. No. 45.

Any Petition for Writ of Certiorari to the United States Supreme Court from the Defendant, therefore, was due on May 26, 2024. Because the Defendant did not file such a petition, his judgment became final on May 27, 2024. <u>See</u> <u>Camacho</u>, 774 F.3d at 933. The one-year timeframe to file a Motion to Vacate under § 2255, therefore, ended on May 27, 2025. Defendant did not file his Motion to Vacate until five months later on October 27, 2025. Doc. No. 67. He has not given any basis to toll this statute of limitations. <u>Id.</u> Therefore, the Defendant's Motion to Vacate under § 2255 is time-barred.

[¶ 4]    Accordingly, the United States Motion to Dismiss is **GRANTED** and the Defendant's Motion to Vacate under 28 U.S.C. § 2255 is **DISMISSED**. The Court makes these additional findings:

(1) Any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*.

(2) Based upon the entire record before the Court, dismissal of the Motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. <u>See</u> <u>Tiedeman v. Benson</u>, 122 F.3d 518, 520 (8th Cir. 1997) (finding a district court possesses the authority to issue certificates of appealability under § 2255(c)). If the petitioner desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with <u>Tiedeman</u>.

[¶ 5]    **IT IS SO ORDERED.**

DATED January 12, 2026.

Daniel M. Traynor, District Judge
United States District Court