**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| vs. | Case No. 1:22-cr-00225 |
| Paul Anthony Yellow Hammer, | |
| Defendant. | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

[¶1]    THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant on January 21, 2026. Doc. No. 72. The United States filed a Response on January 28, 2026. This is Defendant's fourth Motion to Reduce Sentence. Doc. Nos. 52, 55, 57. The Court denied his previous motions. Doc. Nos. 61, 62.

[¶2]    After a defendant has exhausted his administrative remedies[1] and the Court has considered the factors in 18 U.S.C. § 3553(a), courts may reduce a sentence if "extraordinary and compelling reasons warrant such a reduction" to the extent "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Defendants bear the burden of proving a sentencing reduction is warranted. United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022). The relevant policy statement is found at U.S.S.G. § 1B1.13.

[¶3]    As for the circumstances articulated by the Defendant, he argues the Court should reduce his sentence because he has enrolled in the RU Program. Standing alone, however, enrollment in

---

[1] The United States agrees he has exhausted his administrative remedies. Doc. No. 73, pp. 1–3.

programming aimed at rehabilitation is not an extraordinary and compelling circumstance under the policy statement. See U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.").

[¶4]    Furthermore, the Court concluded at sentencing a 120-month term of imprisonment was appropriate after a thorough consideration of factors listed in 18 U.S.C. § 3553(a) because it reflected the seriousness of the offense, promoted respect for the law, and provided just punishment for his actions. Nothing in the record changes the Court's conclusion as to the Defendant's sentence.

[¶5]    Accordingly, because the Defendant has failed to prove any extraordinary and compelling circumstances justify a sentencing reduction, his Motion to Reduce Sentence is **DENIED**.

[¶6]    **IT IS SO ORDERED.**

DATED April 1, 2026.

Daniel M. Traynor, District Judge
United States District Court